Tuttle *v.* Bishop.

---

BYRON TUTTLE *vs.* WILLIAM R. BISHOP AND OTHERS.

*B* recovered judgment against *T*, and an execution was issued on the judgment and placed in the hands of an officer. On demand made on the execution *T* refused payment, but afterwards gave the officer a receipt signed by himself and one *S*, for goods, acknowledged by the receipt to have been levied upon, of greater value than the amount of the execution, to be delivered to the officer at the sign-post on a certain day, or in default the amount of the execution to be paid. The officer advertised the goods to be sold at the sign-post on that day, but the

receiptors neglected to deliver the goods and they never came into the officer's hands. Both the receiptors had before this disposed of all their property and nothing could be collected on the receipt. *T*, before the day fixed for the sale, procured an injunction restraining the officer from proceeding with the collection of the execution, which was kept in force for more than a year, and when it was dissolved nothing could be found to levy the execution upon. The officer thereupon levied it upon the body of *T*, who brought a petition for an injunction against the proceeding. Held that the petitioner had no claim to relief.

Held that the facts did not constitute a technical, and much less an equitable satisfaction of the judgment.

PETITION for an injunction, to restrain the respondents from proceeding with the levy of an execution upon the body of the petitioner. The facts were found and the bill dismissed by the superior court, (*Carpenter, J.,*) upon which the petitioner filed a motion in error and brought the record before this court for revision. The case is sufficiently stated in the opinion.

*Graves*, for the plaintiff in error.

*S. W. Kellogg*, with whom was *Hubbard*, for defendants in error.

SANFORD, J. This is a motion in error to reverse the decree of the superior court, dismissing a petition for an injunction against the levy of an execution upon the body because it had been satisfied by a prior levy upon the personal property of the petitioner, the execution debtor.

Upon the hearing the superior court found that the execution issued upon a judgment recovered by Bishop against Tuttle in an action of slander ; that when the officer with the execution demanded payment of Tuttle he refused to pay, but afterwards on the same day gave to the officer a receipt signed by himself and David Shelton, for goods of greater value than the amount of the execution, which goods the receiptsmen promised by said receipt to deliver to said officer at the sign-post on the 23d day of July, 1861, or pay said execution ; that the officer thereupon advertised said goods to be sold on the execution at the sign-post on said 23d day of July,

Tuttle *v.* Bishop.

but the receiptsmen though requested did not deliver the goods and they never came into the hands or under the control of the officer; that, before said 23d of July, Tuttle procured an injunction to restrain the officer from proceeding in the collection of the execution and continued it in force until the 11th day of December, 1862; that long before the dissolution of that injunction, and before the time fixed by said advertisement for the sale of said property on said execution, both of said receiptsmen disposed of all their property, and from that time to the present nothing could have been collected of either of them on said receipt; and that after the dissolution of that injunction, the execution having been renewed and placed in the hands of said officer for enforcement, he levied it on said Tuttle's body and held him under such levy.

Upon these facts it seems to us very clear that the petitioner has no just claim to the interposition of a court of equity in his behalf.

It may be that these proceedings on the part of the petitioner have all been carried on in good faith, without any other than the legitimate design of fairly trying the respondent's right to the judgment which he had obtained, but we think they have not wrought out even a technical, much less an equitable, satisfaction or discharge of that judgment or of the execution.

The petitioner has paid nothing on the judgment or execution. None of his property has in fact been levied upon or taken to raise money for their payment, and if he could now succeed in this application, he would make his own breach of contract and violation of duty the means of depriving, if not of defrauding, the respondent of the fruits of his judgment, and of the remedy given him by law for its enforcement. But he ought not to succeed. Had the officer actually levied upon and taken the goods mentioned in the receipt, so that the execution debtor had lost them by such levy, the latter would have been entitled to the protection of the court; but he had not. He relied upon the good faith and written contract of the petitioner and his surety, to deliver the goods to him at

the place of sale at the time fixed for that purpose, and therefore made no actual levy upon the goods. They never came into his possession, and the petitioner never parted with them until, in disregard of his contract with the officer, he transferred them to another person, for other purposes than the satisfaction of said judgment or execution.

It would be a reproach to the law if by such proceedings the judgment debtor could substitute a worthless contract for a valid judgment, and thus secure his body from that imprisonment which the law allows as the ultimate remedy for wrongs like those for which the petitioner has been found guilty and duly convicted by the judgment of his peers.

We do not consider the question whether, in a suit in favor of the judgment creditor against the officer, the latter would or would not be precluded from denying that he had in fact levied the execution upon the property and thus subjected himself to the payment of the execution. In that question this petitioner has no more interest than he would have in an inquiry whether the officer had entirely neglected to levy upon personal property when he had an opportunity, or had been guilty of any other neglect of official duty by which the execution debtor alone had suffered injury.

It was suggested by the counsel that the respondents were estopped by the officer's indorsement on the execution from denying that the goods were in fact levied upon and taken. In regard to that position we only remark that it does not appear to have been taken at the trial, and can not be regarded now. The fact is found that *the property* was not " turned out " to, or taken by the officer; that the *receipt* alone was turned out, and at the instance of the petitioner accepted by the officer instead of the property; and that that receipt, by the fault of the petitioner, turned out a worthless and delusive instrument, from which neither the officer nor the execution creditor derived any benefit, and neither the petitioner nor his surety have suffered any injury.

We think there is no error in the judgment complained of.

In this opinion the other judges concurred.